**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NATHANIEL WRIGHT,**

                                        **Plaintiff,**

       **vs.**                                                    **9:13-CV-0564**
                                                                **(MAD/ATB)**

**NEW YORK STATE DEPARTMENT OF**
**CORRECTIONS AND COMMUNITY SUPERVISION**
**(DOCCS), ANTHONY ANNUCCI ACTING**
**COMMISSIONER OF DOCCS, CHARLES KELLY, JR.,**
**SUPERINTENDENT MARCY CORRECTIONAL**
**FACILITY,**

                                        **Defendants.**

_____

**APPEARANCES:**                              **OF COUNSEL:**

LEGAL SERVICES OF CENTRAL            Samuel C. Young, Esq.
NEW YORK, INC.                                   Joshua T. Cotter, Esq.
472 South Salina Street
Syracuse, New York 13202
*Attorneys for Plaintiff*

ERIC T. SCHNEIDERMAN                      Kristen M. Quaresimo, Esq.
ATTORNEY GENERAL OF                      Asst. Attorney General
THE STATE OF NEW YORK
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Plaintiff, an inmate at Marcy Correctional Facility, brings this action pursuant to the

Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796l ("Rehabilitation Act") and Title II of the

Americans with Disabilities Act ("ADA") alleging that defendants discriminated against him.

Plaintiff seeks a declaratory judgment and injunctive relief. Presently before the Court is

plaintiff's motion for a preliminary injunction (Dkt. No. 15).  Defendants have opposed the

motion (Dkt. No. 19).[1]

## BACKGROUND[2]

Plaintiff was diagnosed with cerebral palsy and scoliosis when he was a young child.

Approximately fifteen years ago, plaintiff's doctor determined that it was medically necessary for

plaintiff to use a motorized wheelchair.  In April 2012, plaintiff was incarcerated and confined in

the general population at Monroe County jail.   Plaintiff was permitted to use his motorized

wheelchair while confined at Monroe County Jail.  In October 2012, plaintiff was transferred and

confined, for one week, at Elmira Correctional Facility.  While at Elmira, plaintiff was permitted

to use his motorized wheel chair.  Upon his transfer to Marcy Correctional Facility ("Marcy"),

plaintiff was given a manual wheelchair and assigned a "pusher".   Plaintiff's motorized

wheelchair was confiscated and placed in storage due to security and safety reasons.

Plaintiff alleges that because he must use a manual chair and rely on a "pusher", plaintiff

does not have the full opportunity to participate in services, programs, and activities that are

available to non-disabled inmates at Marcy.   Specifically, plaintiff claims that his "pusher"

caused him to miss meal service, scheduled gym, yard time, sick visits and visiting time with his

fiancé.  Plaintiff further alleges that the unavailability of the "pusher" also caused him to miss

time at the commissary and prevented him from using the law library.   Plaintiff contends that he

has been humiliated because he urinated and defecated on himself while his "pusher" slept and

---

[1] Plaintiff filed the within motion as an Order to Show Cause and an expedited briefing schedule was ordered
by this Court.  Defendants filed opposition to the motion and also moved for dismissal of plaintiff's complaint in its
entirety based upon procedural deficiencies and a failure to state a claim.  As of the date of this Order, defendants'
motion was not fully briefed or submitted.  The Court will not delay the resolution of plaintiff's request for a
preliminary injunction.  Defendants' motion to dismiss plaintiff's complaint will be resolved in a separate
Memorandum-Decision and Order.

[2] The background information is taken from the complaint and affidavits submitted in support and opposition
to plaintiff's motion.  These are not findings of fact by the Court.

plaintiff was unable to move himself quickly enough to the toilet.   Plaintiff alleges that he is

unable to perform his job as a "dorm porter" and would like to work on the lawn or grounds crew

but is unable to do so without his motorized wheelchair.

Defendant Charles F. Kelly, Jr. ("Kelly"), the Superintendent at Marcy, submitted an

affidavit in opposition to plaintiff's motion.  Kelly avers that:

> The possession and use of motorized (power) wheelchairs in a
> correctional setting presents numerous safety and security issues due
> to their powerful batteries and substantial amounts of wiring.
> Allowing an inmate to use a motorized wheelchair would therefore
> jeopardize the safety of not only the inmate himself/herself, but also
> facility staff and other inmates.
>
> Accordingly, it is the policy of DOCCS to preclude the use of
> motorized wheelchairs by inmates.

Kelly Aff. at 9-10.

Plaintiff filed a complaint alleging violations of the Rehabilitation Act and the ADA.

Plaintiff requests relief from this Court in the form of a declaratory judgment stating that

defendants actions violate the ADA and Section 504 of the Rehabilitation Act.  Plaintiff also

seeks injunctive relief compelling defendants to return his motorized wheelchair.  On July 1,

2013, plaintiff filed an Order to Show Cause requesting a preliminary injunction and an order

directing defendants to: (1)  return plaintiff's personal motorized wheelchair; (2) repair any

damage the wheelchair's batteries may have suffered through disuse; and (3) allow plaintiff to use

the wheelchair pending a determination of the merits of this case.  The Court issued an expedited

briefing schedule on plaintiff's motion.

**DISCUSSION**

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted). Furthermore, "[a] decision to grant or deny a preliminary injunction is committed to the discretion of the district court." *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 78 (2d Cir. 1994) (citation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, 2006 WL 618576, at *3 (W.D.N.Y. 2006) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Schuh v. Michigan Dep't of Corr*., 2011 WL 7139457, at *3 (W.D.Mich. 2011) (citing *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir.1978) (internal citations omitted)). The purpose of a preliminary injunction is to preserve "the court's power to render a meaningful decision after a trial on the merits," not to provide the movant with ultimate relief. *Warner Vision Entm't. Inc. v. Empire of Carolina, Inc*., 101 F.3d 259, 261–62 (2d Cir. 1996).

In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either: (1) a probability of success on the merits; or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotes omitted). When, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with

substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See id.; see also Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) ("A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act.")

In this action, plaintiff is not in possession of his motorized wheelchair. Should this Court grant the within preliminary injunction, it would alter the status quo and, more importantly, award plaintiff the ultimate relief he seeks. Therefore, the requested injunctive relief is properly characterized as mandatory and more closely scrutinized. Plaintiff must meet the heightened burden of clearly establishing both irreparable harm and a likelihood of success on the merits.

Upon receipt of submissions from the parties, the Court has determined that oral argument is not necessary. The Court will resolve the motion on the submissions. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997).

## I.     Irreparable Harm

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791 at *1 (N.D.N.Y. 1998) (citations omitted). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). "[C]ourts may no longer simply presume irreparable harm; rather, plaintiff must demonstrate that, on the facts of the case, the failure to issue an injunction would actually cause irreparable harm. *WPIX, Inc. v. ivi, Inc*., 691 F.3d 275, 285 (2d Cir. 2012) (citation omitted). "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Brown*, 1998 WL 566791, *1 (citations omitted). "Courts must pay

'particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for [the] injury.'" *Id.* (citation omitted).

In support of the within motion, plaintiff submitted two affidavits. Notably, plaintiff claims:

> Because I have to rely on another inmate to take me everywhere I have missed yard and gym time, meal service, commissary time, and the law library multiple times. I have also been late to all those activities and services because of having to wait for someone to take me. It has also caused me to be late for prison visits which has reduced the time of my visits with my fiancé.
>
> I value my independence and being able to do things for myself. It is humiliating having to ask for assistance to do things I could do easily with my wheelchair, like going to the bathroom. A few times at night when my pusher was asleep I have defecated and urinated on myself because I couldn't move the manual chair to the bathroom in time.
>
> My current job at the facility is dorm porter. This job is basically doing janitorial tasks around the dorm. I do most of the tasks for my job crawling on my knees. I would prefer to have a job on the grounds crew but I can't do that job without my wheelchair because of the movement required.
>
> Because of the loss of my motorized wheelchair, most of my time is now spent in my cell. I do not want to have to rely on another person to do things for me, or take me places.
>
> When I go to the yard I just end up staying in one place the whole time. I would like to be able to move around on my own and approach other inmates to talk on my own.
>
> Without my wheelchair I am and will continue to be unable to live an independent and self sufficient life while in prison. Approving this preliminary injunction will give me my independence back, and allow to have the same privileges and participate in the same activities as other inmates.

*See* Pl. Aff. at 21-26.

Upon review of the record herein, the Court finds that plaintiff has failed to demonstrate that he will suffer actual injury if his motorized wheelchair is not returned. Plaintiff has not made

6

any showing that he is unable to attend programs or participate in activities. While plaintiff

argues that he missed yard and gym time, commissary service, meal service and access to the law

library "multiple times", plaintiff fails to provide any details or dates and fails to allege that any

pattern existed. *See Liner v. Fischer*, 2013 WL 1832316, at *9 (S.D.N.Y. 2013) (the inmate could

not meet the "actual injury" requirement because he failed to provide details regarding his

requests for law books, or when his requests have been granted or denied); *see also Bellamy v.*

*Mount Vernon Hosp.*, 2009 WL 1835939, at *7 (S.D.N.Y. 2009) (the plaintiff alleged a number of

unrelated and sporadic problems and did not allege that he was consistently denied any form of

treatment). Plaintiff's argues that he has been "late" to activities, that he prefers not to "rely" on

someone else and that he desires a different job assignment. These claims do not amount to the

requisite "irreparable harm" necessary for the requested relief. Moreover, the preliminary relief

sought by plaintiff, an injunction compelling the return of his motorized wheelchair, is the

ultimate relief sought by plaintiff in his complaint. The Court declines to award such relief.

Plaintiff argues that the holding in *Galusha v. New York State Dep't of Environmental*

*Conservation*, 27 F.Supp.2d 117 (N.D.N.Y. 1998) supports his motion and claim that he will

suffer irreparable harm because he is not permitted to participate in programs. However, the facts

in *Galusha* are readily distinguishable from the facts at hand. In *Galusha*, the plaintiffs were

disabled individuals who claimed that the defendants limited their access to Adirondack Park in

violation of the ADA. The plaintiffs were not permitted to utilize motorized vehicles on certain

paths or trails. The plaintiffs claimed that they suffered irreparable harm every day they missed

in the Park because no amount of money could compensate for such a loss. The Court noted:

> plaintiff specifically asserts that his illness causes him to be bedridden
> for months on end and that each day he is deprived access to the Park
> could be his last. Defendants submit that Plaintiffs will not suffer
> irreparable harm absent a preliminary injunction since they will still

7

> have access to the Park through the use of motor vehicles on a limited
> number of designated roads within the Park. Defendants' contention
> is unavailing. Plaintiffs' access to a naturally ever-changing
> environment is impermissibly limited. Plaintiffs have established
> threat of irreparable harm. Absent preliminary relief, they will suffer
> an injury that is present, actual, and not calculable.

*Id.* at 122.

Upon due consideration of all the papers submitted herein, and in light of defendants'

undertaking to provide plaintiff with a manual wheelchair and a "pusher", the Court finds that

plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the requested relief

is not granted.

**II.    Success on the Merits**

Even assuming that plaintiff could establish that he will suffer irreparable harm if the

injunction is not issued, plaintiff must also persuade the Court that he would succeed on the

merits of his underlying claim.  The ADA and Rehabilitation Act are, with limited exceptions,

governed by the same law and standards. *Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 184 n. 3

(2d Cir. 2006).  Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

individual with a disability . . . shall, solely by reason of his or her disability . . . be subjected to

discrimination under any program or activity receiving Federal financial assistance or under any

program or activity conducted by any Executive agency." *Rivera v. Heyman*, 157 F.3d 101, 103

(2d Cir. 1998) (citing 29 U.S.C. § 794(a)). To prevail on a Section 504 claim, "a plaintiff must

demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits

of a program or activity of a public entity which receives federal funds, and (3) he was

discriminated against based on his disability." *Farid v. Demars*, 2009 WL 455450, at *4

(N.D.N.Y. 2009) (citation omitted).

Pursuant to Title II of the ADA, "a public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity being offered." *Lighthall v. Vadlamudi,* 2006 WL 721568, at *20 (N.D.N.Y. 2006) (citing 28 C.F.R. § 35.130(b)(7)). Prisons are obligated to make "reasonable accommodations" to allow the disabled person access to the services or participation in programs or activities. *Fulton v. Goord*, 591 F.3d 37, 43–44 (2d Cir. 2009). "[A] 'reasonable accommodation' is one that gives "meaningful access" to the program or services sought." *Bibbo v. Massachusetts Dep't of Corr.*, 2010 WL 2991668, at *1 (D. Mass. 2010) (citing *Alexander v. Choate*, 469 U.S. 287, 301 (1985)).

Here, plaintiff states, in conclusory terms, that he has difficulties with his mobility. However, plaintiff has not identified any specific instance when he was denied access to programs or services due to his lack of a motorized wheelchair. *See Andino v. Goorde*, 2007 WL 981751, at *5 (W.D.N.Y. 2007) (the plaintiff stated in conclusory language that the policies relating to mobility assistance were inadequate, but the plaintiff's own allegations reflect that his mobility at Wende was not been a persistent problem). Plaintiff has not established a likelihood of success on the merits. Plaintiff did provide any documentation establishing that he made requests to participate in certain programs and that such a request was denied by defendants or that he was excluded from any programs because he did not have his motorized wheelchair. *See Candelaria v. Greifinger*, 1997 WL 176314, at *10 (N.D.N.Y. 1997) (the plaintiff failed to establish a likelihood of success on his claim that prison officials have failed to make reasonable accommodations for him to participate in programs at the facility). Moreover, plaintiff concedes that he has been provided with a manual wheelchair and assistance from a "pusher". *See Andino*,

9

2007 WL 981751, at *5 (in addition to mobility assistants, the plaintiff could have been assisted by any of the inmate law clerks that work in the law library). The record also lacks any evidence or affidavit from any medical professional attesting to the fact that plaintiff's motorized wheelchair is a medical necessity. *See Bibbo*, 2010 WL 2991668, at *2 (holding that there is a genuine issue of material fact as to whether a motorized wheelchair is medically necessary to allow the plaintiff to function on a daily basis and otherwise engage in major life activities, including moving about the prison during prescribed time periods). Accordingly, plaintiff has failed to establish that he is likely to succeed on the merits of his claim. *See id.* (the defendants submitted evidence claiming that the plaintiff may reasonably use either a manual wheelchair pushed by another person or a wheelchair equipped with a one-armed drive device).

"[P]rison administrators must be 'accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Norfleet v. Walker*, 2011 WL 5572834, at *3 (S.D.Ill. 2011) (the court denied the plaintiff's motion for a preliminary injunction finding that although the plaintiff presented testimony about the harm he sustained, he was in segregation for disciplinary reasons and that the prison officials deemed weights to be a security threat) (quoting *Bell*, 441 U.S. at 547–48). Defendants have presented sufficient evidence that the policy is related to safety and security concerns. Plaintiff's desire to be more independent and social with other inmates does not compel this Court to award him the ultimate relief he requests in his complaint via a preliminary injunction. Based upon the record herein, plaintiff has not met the heightened burden of demonstrating success on the merits sufficient to warrant the type of preliminary injunction sought herein.

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that plaintiff's motion for a preliminary injunction (Dkt. No. 15) is

**DENIED**.

**IT IS SO ORDERED.**

Dated:  July 23, 2013
       Albany, New York

_signature_

**Mae A. D'Agostino**
**U.S. District Judge**

11