**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**NATHANIEL WRIGHT,**

                    **Plaintiff,**

     v.                                              9:13-CV-0564
                                                           (MAD/ATB)

**NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; ANTHONY ANNUCCI,** *Acting
Commission of DOCCS;* **and SUPERINTENDENT
DARWIN LACLAIR,** *Franklin Correctional
Facility,*

                    **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**LEGAL SERVICES OF CENTRAL**       **SAMUEL C. YOUNG, ESQ.**
**NEW YORK – SYRACUSE**               **JOSHUA T. COTTER, ESQ.**
**472 South Salina Street**
**Suite 300**
**Syracuse, New York 13202**
**Attorneys for Plaintiff**

**OFFICE OF THE NEW YORK**          **JOSHUA E. MCMAHON, ESQ.**
**STATE ATTORNEY GENERAL**
**The Capitol**
**Albany, New York 12224**
**Attorneys for Defendants**

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    The bench trial of this action is scheduled to commence on February 13, 2017. Presently before the Court is plaintiff's motion for an order compelling defendants to produce twelve documents/emails that were referenced during the depositions of Gary Waldron and David

Infantino.[1]

## DISCUSSION

Defendants object to the production of the emails and assert the following reasons for withholding the copies: (1) unresponsive to Magistrate Judge's Text Order[2]; (2) protected by the "deliberate process privilege;" (3) attorney work product privilege; and (4) attorney client privilege.

**Deliberate Process**

"[T]he deliberative process privilege [is] a sub-species of work-product privilege that covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (internal quotation marks omitted)). In order for the privilege to apply, a document must be either intra- or inter-agency, predecisional, and deliberative. *See Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). To be "predecisional, a document must be prepared to "assist an agency decisionmaker in arriving at his decision." *Fox News Network, LLC v. U.S. Dep't of the Treasury*, 678 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (citation omitted). To be deliberative, a document must actually be "related to the process by which policies are formulated." *Id*. at 168. The privilege may not be applicable in cases where the decision making process itself is the central issue in the action, i.e., a civil rights action. *See Burbar v. Inc. Vill. of Garden City*, 303 F.R.D. 9, 13 (E.D.N.Y. 2014) (refusing to

---

[1] Defense counsel provided six pages of Mr. Waldron's deposition transcript and one page of Mr. Infantino's deposition transcript.

[2] On January 9, 2017, Judge Baxter issued an Order directing DOCCS to "disclose to plaintiff any supporting documents related to its individualized assessment of plaintiff's need for his motorized wheel chair at his current facility--e.g., photos of plaintiff's motorized chair, relevant medical records." Dkt. No. 103. The Court does not interpret the Text Order to be an exhaustive list of the relevant supporting documentation required to be produced.

2

apply privilege in an action for malicious prosecution and abuse of process as the intent and decision making process of the county defendants was "unquestionably at the heart of the[] claims") (citations omitted). The privilege is a qualified privilege, which may be overcome when a litigant's need for information outweighs the public's interest in its nondisclosure. *See Houser v. Blank*, No. 10 CIV. 3105, 2013 WL 873793, at *2 (S.D.N.Y. Mar. 11, 2013).

"The claim of deliberative-process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material or by a subordinate with high authority pursuant to guidelines on the use of the privilege issued by the head of the agency." *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 643 F. Supp. 2d 439, 443 (S.D.N.Y. 2009). The assertion of this privilege by counsel is improper. *Schomburg v. N.Y. City Police Dep't*, 298 F.R.D. 138, 144 (S.D.N.Y. 2014).

Here, defendants seek to withhold all emails/documents based upon this privilege. Defendants however have not provided the Court with an affidavit from any individual employed by DOCCS in support of the privilege. Moreover, the information sought goes to the essence of plaintiff's claim, i.e., the decision to withhold plaintiff's motorized wheelchair. Accordingly, the documents are not exempt from disclosure under the deliberate process privilege.

**Attorney-Client and Attorney Work Product Privileges**

The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (citation omitted). A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. *Id.* at 419. The privilege may also apply to communications between a corporation's employees

3

and inhouse counsel, so long as the communications are "made to the attorney in his professional capacity." *Zawadsky v. Bankers Standard Ins. Co.*, No. CV 14-2293, 2015 WL 10853517, at *5 (D.N.J. Dec. 30, 2015). "Communications among non-attorneys in a corporation may be privileged if made at the direction of counsel, to gather information to aid counsel in providing legal services . . . [I]n analyzing communications created at the direction of inhouse counsel, courts must be wary that the involvement of the attorney is not being used simply to shield corporate communications from disclosure." *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006).

> Similarly, Rule 26(b) (3) provides:
>
>> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>>
>> (i) they are otherwise discoverable under Rule 26(b)(1); and
>>
>> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed.R.Civ.P. 26(b)(3).

A document prepared by an employee of a party to existing litigation, containing an evaluation of the allegations made and the issues to be resolved in that litigation, as well as a specific plan as to litigation strategy going forward is protected by the privilege. *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*, No. 00 CIV. 9212, 2002 WL 31729693, at *6 (S.D.N.Y. Dec. 5, 2002).

**Application**

With respect to the twelve disputed emails/documents, the Court concludes that Document Nos. 1, 8 and 10 are not responsive to Judge Baxter's Text Order related to defendants' individualized assessment of plaintiff's need for his motorized wheelchair. Thus, plaintiff's motion to compel, as to these documents, is **DENIED**.

As to Document No. 3, this document is protected by the attorney-client and/or attorney-work product privilege. Accordingly, plaintiff's motion to compel production of this document is **DENIED**.

Plaintiff's motion to compel the production of Document Nos. 5, 6, 7, and 11 is **GRANTED**.

As to Document Nos. 2, 4, 9, and 12, a decision on plaintiff's motion to compel is reserved until the time of trial so that the motion is placed in the appropriate factual context.

## CONCLUSION

**It is hereby**

**ORDERED** that plaintiff's motion to compel is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS SO ORDERED.**

Dated: February 10, 2017
Albany, New York

Mae A. D'Agostino
U.S. District Judge